UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MONROE WALTON,

    **Plaintiff,**

  v.                                                      Case No. 14-cv-730

MILWAUKEE COUNTY JAIL, et al.,

    **Defendants.**

## SCREENING ORDER

Plaintiff Monroe Walton, a former inmate, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at the Milwaukee County Jail. This matter is currently before me on plaintiff's second motion to proceed in forma pauperis and for screening of plaintiff's amended complaint.

On August 26, 2014, I ordered plaintiff to pay an initial partial filing fee of $34.00, which plaintiff paid on September 12, 2014. On May 6, 2015, I granted plaintiff's motion to proceed in forma pauperis and ordered plaintiff to pay the balance of the filing fee. On June 5, 2015, plaintiff filed a second motion for leave to proceed in forma pauperis. Because I already granted plaintiff's first motion, I will deny plaintiff's second motion as moot. Plaintiff is advised that when a court grants a plaintiff's motion to proceed in forma pauperis, it does not waive a plaintiff's obligation to pay the $350 filing fee; instead, it allows a plaintiff to proceed with the action without pre-paying the filing fee. Plaintiff remains responsible for paying the entire $350 filing fee, and he should continue to forward payments, as he is able, to the Clerk of Court in order to satisfy the remaining balance.

## Screening of Plaintiff's Amended Complaint

In my May 6 order, I gave plaintiff the option of filing an amended complaint to cure the defects in his original complaint that I noted in the order. Plaintiff availed himself of this opportunity on June 5, 2015.

As explained in my prior order, I am required by federal law to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing

2

Case 2:14-cv-00730-LA   Filed 06/24/15   Page 2 of 7   Document 15

Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## Discussion

Based on my reading of the complaint, it appears that plaintiff is attempting to improperly bring unrelated claims in a single case. First, plaintiff alleges that defendants Baldwin and Artus wrongfully placed him in solitary confinement for eighty-eight days. He also alleges that defendant Briggs refused his request for a fair hearing on his solitary confinement stay and that defendant Artus threatened him after he filed a complaint.

3

Second, plaintiff alleges that he was placed in an intake dorm for three days with a prisoner with very low bail, while he had a B.O.P. hold and $10,000 bail. (It is unclear to me, based on plaintiff's very limited and vague allegations, what claim plaintiff wishes to pursue and against whom plaintiff desires to pursue it.)

Third, plaintiff complains that he was not allowed to physically see his visitors but was restricted to phone visits. (Again, these allegations are very limited and vague, so the exact claim plaintiff desires to state is unclear as is the identity of the defendant against whom plaintiff desires to state it.)

As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607.

Moreover, the court in George reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

I find that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple (and sometimes unidentified) defendants. The George court instructed that such "buckshot complaints" should be "rejected." Id. Therefore, I will strike plaintiff's amended complaint submitted on June 5, 2015. Plaintiff will be allowed to file a second amended complaint that includes only related claims. If plaintiff would like, he may bring unrelated claim(s) not pursued in this case in a separate action.

Plaintiff is again advised that because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). If plaintiff chooses to file a second amended complaint, it will become the operative complaint in this action, and I will screen it in accordance with 28 U.S.C. § 1915A.

Should plaintiff choose to file a second amended complaint that advances only related claims, I caution him to pay close attention to the pleading standards described earlier in this order. Plaintiff's current amended complaint is very vague and sets forth conclusions without adequate facts to support those conclusions. While plaintiff need only place defendants on notice of the claims he desires to state, plaintiff must plead factual content that allows me to draw the reasonable inference that defendants are liable for the misconduct plaintiff alleges.

Further, plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior

5

(supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Nor does § 1983 create collective or vicarious responsibility. Id. Thus, with respect to any claim or claims advanced in his second amended complaint, plaintiff must identify the defendants involved and explain how their actions (or lack of action) violated his constitutional rights.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's second motion for leave to proceed in forma pauperis (Docket #13) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the amended complaint submitted on June 5, 2015, be and the same is hereby **STRICKEN**.

**IT IS ALSO ORDERED** that plaintiff may, if he so chooses, file a second amended complaint. If plaintiff chooses to file a second amended complaint, he must do so on or before **Monday, July 27, 2015**. The second amended complaint must contain only related claims in accordance with this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint by **July 27, 2015,** that complies with the requirements of Federal Rules of Civil Procedure 18 and 20, this action will be dismissed for failure to prosecute.

**IT IS ALSO ORDERED** that plaintiff shall submit all correspondence and legal material to:

> United States District Court
> Office of the Clerk
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 24th day of June, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge